**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ZACHARY BARKER COUGHLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>RENO MUNICIPAL COURT, et. al.<br><br>    Defendants. | 3:13-cv-00539-RCJ-WGC<br><br>**REPORT & RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

Before the court is Plaintiff's application to proceed in forma pauperis . (Doc. # 1.)[1] Following Plaintiff's application are six photographs and a letter to Mr. Coughlin from the Division of Welfare and Supportive Services dated August 28, 2013, concerning SNAP benefits. (Doc. # 1 at 3-12.) In addition, Plaintiff has submitted a 204 page document with the following title: "Motion for TRO or Injunction Where Young Abstention Uncalled for in Light of Enormity of Conflicts of Interest, Impropriety, Misconduct, and Constitutional Issues Involved." (*See* Doc. # 1-1 at 1.) The court will address these filings in turn below.

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity,

---

[1] Refers to court's docket number.

definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's financial affidavit reveals that he is unable to pay the filing fee. As a result, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be **GRANTED**.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less

2

stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint & Analysis**

As indicated above, Plaintiff's application to proceed in forma pauperis is accompanied by six photographs, a letter regarding SNAP benefits and a 204 page document that is titled as a request for injunctive relief.

Preliminarily, the relevance of the photographs and benefits letter is unclear.

Next, a review of the 204 page document does not provide any further clarity or allow the court to discern any plausible claim for relief. The document first references the state court's refusal to release sealed portions of Plaintiff's criminal trial and hearings. (Doc. # 1-1 at 2-3.) Plaintiff goes on to discuss various orders in state court, including an attempt to declare him a vexatious litigant. (*Id.* at 3.) He then makes vague reference to his request for a new trial and/or appeal. (*Id.* at 19.) A review of the 204 page document reveals that it jumps around from topic to topic, interspersed with material that was apparently copied from a legal treatise on Westlaw. The document is completely indecipherable.

To the extent the court can glean anything from these nonsensical pages, it is that Plaintiff takes issue with a determination made by the state court. The *Rooker-Feldman* doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring lower federal courts from hearing *de facto* appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Bianchi v. Fylaarsdam*, 334 F.3d 895 (9th Cir. 2003); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision made by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The incoherent nature of the document coupled with the fact that the *Rooker-Feldman* doctrine would bar a claim to second-guess or overturn a state court decision leads the court to recommend dismissal of this action. Because the court cannot conclude that any amendment could cure the deficiencies noted above, the dismissal should be with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The movant should be permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk be instructed to **FILE** the complaint (Doc. # 1-1);

(3) The complaint be **DISMISSED WITH PREJUDICE.**;

Plaintiff should be aware of the following:

1.      That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: October 16, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE